IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FELIX LYLE COWAN, § | |
| #02351646, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:22-CV-2842-M-BK |
| § | |
| GREG ABBOTT, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff Felix Lyle Cowan, a state inmate, filed this *pro se* civil rights complaint against Governor Gregg Abbott and U.S. President Joe Biden, along with a motion for leave to proceed *in forma pauperis*. Doc. 3; Doc. 4. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** as barred by three strikes.[1]

**I. ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475

---

[1] Cowan's certificate of inmate trust account filed with his motion to proceed *in forma pauperis* in *Cowan v. Biden*, No. 3:22-CV-659-X-BK (N.D. Tex. Sep. 8, 2022), lists his prior Texas Department of Criminal Justice identification numbers: #00506968, #00594448, #00765738, #01097249, #01185226. Civ. Doc. 9.

F.3d 261, 265 (5th Cir. 2007); *see also Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017) ("[S]ection 1915(g) comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" (quoted case omitted)).

This Court and the District Court for the Southern District of Texas previously found Cowan was barred by three strikes under § 1915(g). *See Cowan v. Anderson*, No. 4:01-CV-970-A (N.D. Tex., Fort Worth Div., Feb. 19, 2002) (collecting prior dismissals as frivolous or for failure to state a claim in Dec. 4, 2002 order, and connecting the dismissals to Cowan's prior TDCJ #00765738); *Cowan v. Dretke*, No. 4:04-2874 (S.D. Tex., Houston Div., Jul. 28, 2004) (same and tying prior dismissals to TDCJ #1185226). More recently, this Court also dismissed as frivolous Cowan's recent case filed under his current TDCJ #02351646. *See Cowan v. Biden*, No. 3:22-CV-659-X-BK (N.D. Tex. Sep. 8, 2022) (referencing related dismissal in *Cowan v. Eli Lilly*, No. 4:17-CV-2417 (S.D. Tex. Aug. 16, 2017)).

Having accumulated three strikes, § 1915(g) precludes Cowan from proceeding *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). As in his prior cases, Cowan's allegations here are fantastic and delusional. He contends that he is entitled to "full petty and pay for current & prior service in" the U.S. military. Doc. 3 at 4. He states that he was in active duty and was honorably discharged. *Id.* Even when liberally construed, however, the complaint lacks allegation of imminent danger of serious physical injury. Cowan is thus barred from proceeding *in forma pauperis* under § 1915(g).

## II. CONCLUSION

Accordingly, Cowan's motion for leave to proceed *in forma pauperis* should be **DENIED**, and this action should be **DISMISSED** as barred by the three-strike provision of 28

U.S.C. § 1915(g). Such dismissal is with prejudice to refiling an *in forma pauperis* lawsuit raising the same claims as presented, but without prejudice to this lawsuit being filed with full payment of filing and administrative fees of $402.00.

**SO RECOMMENDED** on February 14, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).